DaNiel, J.
 

 The Court said to the jury, that, inasmuch as the
 
 legal
 
 title to the mare had passed out of Marvill Edney, and vested by the
 
 deed of trust
 
 in Rufus Edney, the trustee, he was not accountable as one would be, who procured an auctioneer to cry his propery, merely as his agent, and he stood by in silence. Was this part of the charge correct
 
 ?
 
 If the seller of an article is aware that there is
 
 *95
 
 any defect in it, and he fraudulently conceals it, and it be such a defect as the buyer hath not the means of discover- ,. ing by the exercise of ordinary diligence, the purchaser may maintain an action of deceit in the sale. If the owner had procured an auctioneer to sell, it is admitted, that, if the thing so sold had been defective, and the owner, knowing of the defect, stood by and failed to disclose it, he would be liable. Babbington on auctions,. 164.
 
 Jones v Borden; 4
 
 Taunt. 847. The legal title in- the mare was transferred by the deed to Rufus Edney to sell her.. And the stipulation-in the deed was, that he' should'apply the proceeds of the sale to satisfy certain creditors of Marvill Edney. There is nothing in the case to shew us, that the creditors had released the debtor in consideration of the assignment of this property for their benefit — -nor that .they in fact had ever- agreed to accept of the said property for their benefit. If therefore-the creditors were not fo release, Marvill Edney had an interest in.the price the mare might bring, either as constituting-a fund for the payment of his debts, or as resulting to his use. Although a Court of Law may not be able to enforce? such rights, yet it is obliged to take notice of them as valuable interests. They affect the competence of witnesses, and, iti some instances,.may be sold underexecution. It seems to us, therefore, that the maker of the deed was materially concerned in raising up the fund by the said sale to the highest amount; and it also appears to us, that Kufus, in the receipt and application of the money, is to be looked' upon as the agent of Marvill Edney.
 
 We,
 
 therefore, are of opinion, that the aforesaid part of his Honoris charge was erroneous, and-that there must be a new trial as to-Marv-ill Edney.; but the verdict and judgment in favor of Rufus Edney are not disturbed.
 

 It will not be understood from this-, that we think mere silence of the debtor as to defects in his property, when he is present at a sale under execution, would amount to a fraud;: for that is a proceeding
 
 in invitum,
 
 in which the sale is exclusively the act of the law, and the rule of
 
 caveat empior
 
 applies.
 

 Per Curiam, New trial awarded.